UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-CV-22271

KATY KOVASZNAY,

    Plaintiff,

vs.

ELITE RETREAT LLC, and
ELIAS SALAMA, M.D.,

    Defendants.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGES**

Plaintiff, Katy Kovasznay, sues Defendants, Elite Retreat LLC and Elias Salama, M.D., based on the following good cause:

*Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Katy Kovasznay**, was and is a *sui juris* resident of Miami-Dade County, Florida, at all times material. She was and is an hourly non-exempt employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203 (e). Plaintiff consents to participate in this lawsuit.

2.     **Defendant, Elite Retreat LLC**, is a *sui juris* Florida for-profit business with its principal place of business and registered agent in Miami-Dade County, Florida, that conducts its for-profit business in this District.

3.     **Defendant, Elias Salama, M.D.,** was and is the owner and operator of the corporate Defendant for the relevant time period. He conducts business in this District and he runs the day-to-day operations of the corporate Defendant and was responsible for paying

1

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com  www.fairlawattorney.com

Plaintiff's wages at all times material.

4. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203 (d). Both Defendants employed Plaintiff.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because the corporate Defendant maintains its principal place of business in this District, and because most if not all of the operational decisions were made in this District.

6. This Court has jurisdiction over Plaintiff's FLSA claims.

## *Background Facts*

7. Defendants have been at all times material engaged in interstate commerce in the course of their provision of care and services which, traditionally, cannot be performed without using goods, materials, medication, supplies, and equipment that have all moved through interstate commerce.

8. Furthermore, Defendants engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state medical payors and/or the United States government.

9. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

10. In particular, Defendants own and operate a plastic surgery recovery center that utilizes computers, televisions, monitors, computer networking equipment, software, medical equipment and supplies, furniture, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

11. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her using telephones, cleaning materials and supplies, food, produce, personal cleaning products, and other goods and supplies that moved through interstate commerce.

*Liability*

12. Plaintiff worked for Defendants as an aide from approximately October 2016 to March 17, 2017.

13. Plaintiff spent more than 20% of her time performing tasks that were not exempt or tangentially related to her providing companionship services, such that she is entitled to overtime pay.

14. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are in the exclusive custody of Defendants.

15. Defendants agreed to pay Plaintiff at the rate of $145.00 per day worked and routinely required Plaintiff to work more than 40 hours per week from October 2016 to March 17, 2017.

16. Defendants required that Plaintiff remain in the plastic surgery recovery facility for shifts lasting 24 hours, and she worked two to three shifts (48 to 72 hours) per week.

17. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate for all hours worked over 40 hours in a given workweek.

18. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked during the relevant time period.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

19. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant time period violated the Fair Labor Standards Act, they intentionally misled Plaintiff to believe that Defendants were not required to pay overtime, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

20. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

21. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Katy Kovasznay, demands the entry of a judgment in her favor and against Defendants, Elite Retreat LLC, and Elias Salama, after trial by jury and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages for all overtime work performed for the Defendants as provided under the law and in 29 U.S.C. § 216(b)

b. That Plaintiff recover pre-judgment interest if she is not awarded liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

d. That the Defendants be Ordered to make the Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

e. All interest allowed by law; and

f. Such other and further relief as the Court deems just and proper.

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 19th day of June, 2017.

                                                                                       Respectfully Submitted,

                                                                                       FAIRLAW FIRM
*Counsel for Plaintiff*
7300 N. Kendall Drive
Suite 450
Miami, FL 33156
Tel:    305.230.4884
Fax:   305.230.4844

s/*Brian H. Pollock, Esq.*
Brian H. Pollock, Esq.
Fla. Bar No. 174742
brian@fairlawattorney.com

5

7300 N. Kendall Drive, Suite 450, Miami, Florida 33156
TEL 305.230.4884   FAX 305.230.4844
brian@fairlawattorney.com www.fairlawattorney.com